IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:07-CV-1065-RLV-LTW |
| MARTIN M. CHANDLER, | : | |
| | : | |
| Respondent. | : | |

NOTICE OF FILING OF
PROPOSED REPORT AND RECOMMENDATION
BY PETITIONER UNITED STATES OF AMERICA

By Order dated August 21, 2007, the Court has directed
petitioner United States of America and respondent Martin M.
Chandler to submit proposed findings of facts and conclusions of
law in proposed disposition of the Petition to Enforce IRS Summons
that is pending before the Court.  Filed herewith for consideration
by the Court is petitioner's proposed Report and Recommendation.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY
*/s/ Daniel A. Caldwell*
DANIEL A. CALDWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 102510
Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
Telephone:(404) 581-6224
Facsimile:(404) 581-6181

Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:07-CV-1065-RLV-LTW |
| | : | |
| | : | |
| MARTIN M. CHANDLER, | : | |
| | : | |
| Respondent. | : | |

**PETITIONER'S PROPOSED
FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter has come before the Court, pursuant to LR 72.1.D.(3), NDGa., for consideration of a Petition to Enforce Internal Revenue Service ("IRS") Summons that has been filed by petitioner United States of America ("petitioner") against *pro se* respondent Martin M. Chandler ("respondent"). [Doc. 1].[1]

The Court recommends, on the grounds set forth in the following Findings of Fact and Conclusions of Law, that the Petition to Enforce IRS Summons issued by the IRS to respondent be enforced. The Court further recommends that petitioner's claims for injunctive relief to halt all investigations into respondent's

---

[1]     References are to the docket numbers assigned by the Clerk of the Court to documents filed in this case.

1

personal tax liability and petitioner's claim for an award of twenty million dollars ($20,000,000) be dismissed, without prejudice, for lack of subject matter jurisdiction.

## FINDINGS OF FACT

1.   Melissa Milligan is a duly commissioned Special Agent employed in the Criminal Investigation Division of the Phoenix Field Office of the IRS in Tempe, Arizona. [Doc. 1 - Exh. 1 at ¶1].[2]

2.   In the performance of her duties as an IRS Special Agent, IRS SA Milligan is conducting an investigation of a third party taxpayer, that is not respondent Chandler, for tax years 2001, 2002, 2003, and 2004.  [Doc. 1 - Exh. 1 at ¶2].

3.   In furtherance of the investigation of that third party taxpayer, an Internal Revenue Service Summons was issued by IRS SA Milligan to respondent Martin M. Chandler to give testimony and to produce for examination books, papers, records, or other data as described in that summons.  [Doc. 1 - Exh. 1 at ¶3]. That Summons directed Martin M. Chandler to appear before IRS SA Milligan, on October 17, 2006, at 1:00 p.m., in Tempe, Arizona, to testify and produce the books, records, and other documents described in the

---

[2]   The declaration of IRS SA Milligan was filed as Exhibit 1 to the Petition to Enforce Summons by which this case was commenced.

Summons.  [Doc. 1 - Exh. 1 at ¶3 and Exhibit A].[3]

4.    The books, papers, records, or other data sought by the Summons are not already in the possession of the Internal Revenue Service. [Doc. 1 - Exh. 1 at ¶6].

5.    There is no "Justice Department referral" in effect with respect to respondent Chandler or with respect to the individual taxpayer with respect to the tax liability of whom IRS SA Milligan is conducting an investigation, as that term is defined under 26 U.S.C. §7602(d). [Doc. 1 - Exh. 1 at ¶9].

6.    It is necessary to obtain the testimony and to examine the books, papers, records or other data sought by the IRS Summons in order to properly investigate the tax liability of the individual taxpayer, that is not respondent Martin Chandler, for the taxable years 2001, 2002, 2003, and 2004. [Doc. 1 - Exh. 1 at ¶8].

7.    On September 22, 2006, IRS SA Milligan served an attested copy of that Internal Revenue Service Summons upon respondent Martin M. Chandler, by certified mail, at P.O. Box 23, Grayson, Georgia, 30017, the business address of respondent. [Doc. 1 - Exh. 1 at ¶4 and Exhibit A].

---

[3]    A copy of the IRS Summons that was issued by IRS SA Milligan to respondent Chandler was filed as Exhibit A to the declaration of IRS SA Milligan that has been filed with the Court.

8.   Grayson, Georgia is located in Gwinnett County, Georgia, within the Northern District of Georgia.

9.   On September 22, 2006, IRS SA Milligan served a copy of that Internal Revenue Service summons upon the third party taxpayer that is the subject of the investigation, for which records are being sought from respondent, by mailing a true copy thereof by certified mail to the last known address of that third party taxpayer. [Doc. 1 - Exh. 1 at ¶4 and Exhibit B].

10.  On October 17, 2006, respondent Martin M. Chandler did not appear before IRS SA Milligan or produce for examination books, papers, records, or other data in response to the Summons. [Doc. 1 - Exh. 1 at ¶5].

11.  On December 22, 2006, a Petition to Enforce the IRS Summons that was issued to respondent, on September 21, 2006, and served upon respondent by certified mail, on September 22, 2006, was filed in the U.S. District Court for the Northern District of Georgia. [Doc. 1].  A copy of that Petition to Enforce was mailed to the third party taxpayer that is the subject of the investigation by IRS SA Milligan for which records are being sought pursuant to the IRS Summons which has ben issued to respondent. [Doc. 1 - Certificate of Service].

12.  In his initial Answer to the subject Petition to Enforce IRS Summons, filed on January 12, 2007, respondent has sought to

4

carry his heavy burden of establishing that enforcement of the
Summons would constitute an abuse of process on the grounds that:
(a) no regulation has been implemented that provides authority to
enforce an IRS Summons [Doc. 2 at p. 3]; (b) an IRS Summons can
only be utilized for matters regulated by the Bureau of Alcohol,
Tobacco and Firearms ("ATF") [Doc. 2 at p. 3]; (c) IRS SA Milligan
does not have the authority to issue an IRS Summons to respondent
[Doc. 2 at p. 4]; and (d) the third party taxpayer that is the
subject of the investigation that is being conducted by IRS SA
Milligan has directed respondent not to comply with the IRS Summons
[Doc. 2 at p. 5].

13.   An Order for respondent to appear before the Court and
show cause why respondent failed to comply with the IRS Summons
that was issued to and served upon him was entered on February 6,
2007. [Doc. 3].  That Order scheduled a hearing in this case for
April 12, 2007. [Doc. 3].

14.   On February 22, 2007, the Petition to Enforce IRS Summons
and Order for respondent to appear before the Court, on April 12,
207, and show cause why respondent had failed to comply with the
IRS Summons were served personally upon respondent, by IRS SA
Emmett Denham, by hand delivery of those documents to respondent at
respondent's office located at 275 Helen's Manor Drive in
Lawrenceville, Georgia. [Doc. 4 - Declaration of IRS SA Denham at

5

¶2].

15.  By Response to Order to Show Cause filed on March 6, 2007, respondent Chandler has requested: 1) "release of all investigations" into respondent's personal tax liability; 2) release of all liens by the IRS upon respondent's property; and 3) an award of $20,000,000 in damages. [Doc. 5].

16.  At the request of respondent, the hearing at which respondent was to show cause why he had not complied with the IRS Summons that had been issued to and served upon him was continued from April 12, 2007, to May 8, 2007. [Doc. 8].

17.  On May 3, 2007, petitioner filed and served upon respondent its Motion and supporting Memorandum of Law to dismiss respondent's claims for injunctive and monetary relief that were set forth in respondent's Response to Order to Show Cause filed on March 6, 2007. [Doc. 9].  As of this date, respondent has filed no opposition or other response to petitioner's Motion to Dismiss.

18.  On May 8, 2007, a hearing was held at which respondent was afforded the opportunity to show cause why he has failed to comply with the IRS Summons that has been issued to and served upon him.  Present at that hearing were respondent, IRS SA Milligan, and counsel for petitioner.

**CONCLUSIONS OF LAW**

1.   The Internal Revenue Code provides that:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary [of the Treasury] is authorized –

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. §7602(a)

2.   The legitimate purposes for which any IRS Summons can be utilized include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b); 26 C.F.R. §301.7602-1(a).

3.   A summons may be issued to a "third party recordkeeper," which includes "any accountant." 26 U.S.C. §7603(b)(2)(F).

4.   "If any person is summoned under the internal revenue

7

laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony or production of books, papers, records or other data." 26 U.S.C. §7604(a).  The U.S. District Court for the Northern District of Georgia has jurisdiction over this IRS Summons enforcement proceeding.  Venue for this case is proper in the Northern District of Georgia.

5.   Although the power to enforce an IRS Summons issued pursuant to 26 U.S.C. §7602 is restricted to a district court, a district court can "properly refer the matter to a magistrate [judge] to conduct an evidentiary hearing and submit proposed findings of fact and a proposed disposition." *U.S. v. First National Bank of Atlanta, et al.*, 628 F.2d 871, 873 (5th Cir. 1980).[4]  Pursuant to LR 72.1.D.(3), NDGa., "the magistrate judges are authorized under 26 U.S.C. §7604 to hear petitions for the enforcement of Internal Revenue Summonses and to submit a report and recommendation regarding enforcement to the district judge."

6.   In order to obtain judicial enforcement of an IRS

---

[4]     Decisions of the former Fifth Circuit entered prior to the close of business on September 30, 1981, have been adopted as binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

8

Summons, it is the burden of the Government to show:

    (a)   that the investigation will be conducted pursuant to a legitimate purpose;

    (b)   that the inquiry may be relevant to that purpose;

    (c)   that the information sought is not already within the possession of the IRS; and

    (d)   that the administrative steps required under the Internal Revenue Code have been followed.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964); *La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985).  The United States can satisfy this burden merely by presenting the sworn statement of the agent issuing the Summons that attests to these material facts. *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992); *La Mura*, 765 F.2d at 979.

    7.   Once the United States meets such burden, the burden then shifts to the party contesting the Summons to disprove one of the four elements of the Government's prima facie showing or to convince the court that enforcement of the summons would constitute an abuse of process. *Leventhal*, 961 F.2d at 939-940.  That burden on the contesting party is "a heavy one" that requires allegations of specific facts and the introduction of evidence. *Id.* at 940

    8.   An IRS Summons that is issued to a third party recordkeeper such as respondent may be served upon that recordkeeper by certified or registered mail to the last known

address of the recordkeeper. 26 U.S.C. §7603(b)(1).  An IRS Summons that is issued to a third party recordkeeper also shall be served upon the third party taxpayer that is the subject of the investigation for which an IRS Summons was issued. 26 U.S.C. §7609. The IRS Summons that is the subject of this enforcement proceeding was served properly upon respondent Chandler and the third party taxpayer that is the subject of the investigation that is being conducted by IRS SA Milligan.

9.   The administrative steps required under the Internal Revenue Code for enforcement of the Summons issued to respondent Chandler have been followed.

10.  The issuance of an IRS Summons to respondent Chandler pursuant to an investigation of a third party taxpayer is for a legitimate purpose and the records sought from respondent Chandler regarding that third party taxpayer, which are not already in the possession of the IRS, are relevant to that investigation.

11.  The Government has carried its burden of proof for enforcement of the IRS Summons issued to respondent Chandler.

12.  In his initial Answer to the Petition to Enforce IRS Summons, respondent has sought to carry his heavy burden of establishing that enforcement of the Summons would constitute an abuse of process on the grounds that: (a) no regulation has been implemented that provides authority to enforce an IRS Summons [Doc.

2 at p. 3]; (b) an IRS Summons can only be utilized for matters regulated by the Bureau of Alcohol, Tobacco and Firearms ("ATF") [Doc. 2 at p. 3]; (c) IRS SA Milligan does not have the authority to issue an IRS Summons to respondent [Doc. 2 at p. 4]; and (d) the third party taxpayer that is the subject of the investigation that is being conducted by IRS SA Milligan has directed respondent not to comply with the IRS Summons [Doc. 2 at p. 5].

13.  Respondent's contention, for which no supporting case law is cited, that an IRS Summons cannot be enforced because no implementing regulation has been promulgated is without merit. There is no need for an implementing regulation to be promulgated because the IRS Summons enforcement procedures and jurisdiction of the district courts over summons enforcement proceedings are clearly set forth under 26 U.S.C. §§7602 and 7604. *United States v. Stoecklin*, 848 F.Supp. 1521, 1525-26 (M.D. Fla. 1994).  Because Congress has spoken clearly there is no need to promulgate or refer to regulations. *RJR Nabisco, Inc. v. United States,* 955 F.2d 1457, 1464 (11th Cir. 1992).

14.  Respondent's contention, for which no supporting case law is cited, that an IRS Summons can only be used in enforcement of matters subject to regulation by the ATF also is without merit. Regulations promulgated by the ATF are not the exclusive source of the Government's authority to issue IRS Summonses under 26 U.S.C.

§7602.  *Thomas v. United States*, 254 F.Supp.2d 174, 179 (D. Me. 2003); *United States v. Streett,* 791 F.Supp 563, 568 (D. Md. 1992).

15.  Respondent's contention, for which no supporting case law is cited, that IRS SA Milligan lacked the authority to issue an IRS Summons to respondent also is without merit.  The Secretary of the Treasury has delegated to IRS Special Agents the authority to issue IRS Summonses. *Dean v. United States*, 330 F.Supp. 1318, 1322-25 (N.D. Fla. 2004).

16.  Respondent's contention, for which no supporting case law is cited, that respondent is not required to comply with the IRS Summons that has been issued to him because the third party taxpayer that is the subject of IRS SA Milligan's investigation has not authorized the release of records in the custody of respondent also is without merit.  As the Eleventh Circuit has held:

> Prior to the amendment of [26 U.S.C.] §7609 in 1982, a taxpayer could stay a third-party recordkeeper's compliance with an IRS summons by simply notifying the recordkeeper in writing that he did not wish the recordkeeper to comply.  The IRS was then required to seek enforcement of its summons in the district court.  Congress decided to shift the burden of commencing litigation to the taxpayer because the automatic stay provision was so easy for the taxpayer to invoke that taxpayers would stay the enforcement without first considering the merits of the objection.

*La Mura*, 765 F.2d at 977 fn. 2.  Accordingly, if the third party taxpayer wanted to deter respondent from complying with the Summons, the available statutory procedures by which the taxpayer

could seek to stay compliance with the Summons would be for the taxpayer to seek to quash that summons or intervene in this enforcement proceeding. *See* 26 U.S.C. §7609(b).  The third party taxpayer has taken no such action and a mere instruction to respondent not to comply with the Summons does not justify or otherwise excuse respondent's failure to comply with the Summons that has been issued to him.

17.  Respondent has failed to carry his heavy burden of disproving any of the four elements of the Government's prima facie showing or to convince this Court that enforcement of the summons would constitute an abuse of process.  Respondent is required to comply with the Summons.

18.  Under the Local Rules of the Court:

> Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive pleading not later than ten (10) days after service of the motion, except that in cases of [a] motion for summary judgment the time shall be twenty (200) days after the service of the motion.  Failure to file a response shall indicate there is no opposition to the motion.

LR 7.1.B., NDGa.  Respondent has filed no opposition or other response to petitioner's Motion to Dismiss respondent's claims for injunctive and monetary relief that were set forth in the Response to Order to Show Cause that was filed by respondent on March 6, 2007. [Docs. 5 and 9].

19.  A claim for relief by a *pro se* litigant should not be dismissed, based on the failure of that litigant to comply with a local court rule which requires a response to a motion to dismiss to be filed within a specific time frame, when there is no indication the *pro se* litigant was aware of such local rule. *Sampson v. Fulton County Jail*, 157 Fed.Appx. 242, 243 (11th Cir. 2006).  However, federal courts are duty bound to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 (11th Cir. 2006); *University of South Alabama v. American Tobacco Company,* 168 F.3d 405, 410 (11th Cir. 1999).  Dismissal of a claim for relief for lack of subject matter jurisdiction is without prejudice. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984).

20.  Pursuant to the authority of the Court to inquire *sua sponte* as to whether it has subject matter jurisdiction over respondent's claims for affirmative injunctive and monetary relief, which is independent of the authority of the Court to enforce the provisions of LR 7.1.B, NDGa., the Court concludes that it lacks subject matter jurisdiction over respondent's claims for affirmative injunctive and monetary relief on the independent grounds stated below.

21.  Respondent's claims for affirmative relief regarding his personal tax liabilities to the IRS cannot be raised in response to

14

the IRS Summons enforcement proceeding that has been brought against respondent with regard to an investigation of a third party taxpayer's liability to the IRS. "Summons enforcement proceedings are designed to be summary in nature, and their sole purpose ... is to ensure that the IRS has issued the summons for proper purpose and in good faith." *United States v. Rockwell Int'l.,* 897 F.2d 1255, 1261 (3rd Cir. 1990). "[A]n enforcement proceeding is limited to a determination regarding the propriety of the summons in question and is summary in nature." *United States v. Sheldon*, 841 F.2d 1127 (Table), 1988 WL 18166 at *1 (6th Cir. 1988). Accordingly, counterclaims are not permitted in summons enforcement proceedings. *Id.; see also United States v. Colonial Bank & Trust Co.*, 1979 WL 1479 at *3 (D.Conn. 1979).

22. Moreover, even assuming respondent's claims for affirmative relief could be raised as counterclaims in this action to enforce an IRS Summons, respondent's claims would be required to be dismissed due to additional grounds that establish the Court lacks subject matter jurisdiction over those claims.

23. The United States of America, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Furthermore, the Government may define the terms and conditions upon which a litigant may proceed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see*

15

*also, Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986).

24.  With regard to respondent's claims for injunctive relief, respondent is seeking a cessation of any investigation of his personal tax liability and release of liens upon respondent's property by the IRS. [Doc. 5 at p. 2].  Under the provisions of the Anti-Injunction Act ("AIA"), codified under section 7421(a) of the Internal Revenue Code:

> Except as provided in sections 6105(e), 6212(a) and (c),
> 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c),
> 6694(c), 7426(a), and (b)(1), 7429(b), and 7436 [of the
> Internal Revenue Code], no suit for the purpose of
> restraining the enforcement or collection of any tax
> shall be maintained in any court by any person, whether
> or not such person is the person against whom such tax
> was assessed.

26 U.S.C. §7421(a).   As the Supreme Court has held in several cases, the AIA serves "twin purposes":

> It responds to "the Government's need to assess and
> collect taxes as expeditiously as possible with a minimum
> of preenforcement judicial interference"; and it
> "'require[s] that the legal right to disputed sums be
> determined in a suit for refund,'" ...

*Hibbs v. Winn*, 542 U.S. 88, 102 (2004)(citations omitted).   In accordance with such precedent, the Eleventh Circuit has held:

> Federal courts are expressly proscribed, by statute, from
> entertaining suits to "[restrain] the assessment or
> collection of any tax" except under specific
> circumstances not applicable here.  The Supreme Court has
> held that no injunction will issue unless the plaintiff
> can show that under no circumstances could the government
> ultimately prevail and there exists an independent basis
> for equity jurisdiction. *Enochs v. Williams Packing &*

16

> *Navigation Co.,* 370 U.S. 1, 7 [parallel citations
> omitted] (1962); *Bob Jones University v. Simon*, 416 U.S.
> 725, 745 [parallel citations omitted] (1974)....
> [E]quitable relief is not available because [the
> taxpayer] has an adequate remedy at law - he could pay
> the disputed tax and then sue for a refund.

*Hobson v. Fishbeck*, 758 F.2d 579, 581-82 (1985).

25.  No statutory or judicial exception to the Anti-Injunction Act applies in this case.  Therefore, respondent's claims for injunctive relief to cease any further review by the IRS of respondent's personal tax liability and obtain release of any tax liens upon respondent's property are not within the subject matter jurisdiction of the Court under the plain meaning of the AIA.

26.  Furthermore, the Court lacks subject matter jurisdiction over respondent's claims for monetary damages, in the amount of $20,000,000.

27. With regard to potential statutory grounds for respondent's claims for monetary damages, section 7432 of the Internal Revenue Code provides that:

> If any officer or employee of the Internal Revenue
> Service knowingly, or by reason of negligence, fails to
> release a lien under section 6325 on property of the
> taxpayer, such taxpayer may bring a civil action for
> damages against the United States in a district court of
> the United States.

26 U.S.C. §7432(a).  Moreover, section 7433 of the Internal Revenue Code provides that:

17

> If, in connection with any collection of Federal tax with
> respect to a taxpayer, any officer or employee of the
> Internal Revenue Service recklessly or intentionally, or
> by reason of negligence disregards any provision of this
> title, or any regulation promulgated under this title,
> such taxpayer may bring a civil action for damages
> against the United States in a district court of the
> United States. Except as provided in [26 U.S.C.] 7432,
> such civil action shall be the exclusive remedy for
> recovering damages resulting from such actions.

26 U.S.C. §7433(a).   Both of those limited waivers of sovereign immunity require a taxpayer to exhaust administrative remedies prior to filing suit in district court. 26 U.S.C. §§ 7432(d), 7433(d); *see Griswold v. United States,* 59 F.3d 1571, 1582 (11th Cir. 1995)(exhaustion of administrative remedies a jurisdictional prerequisite to maintaining action under 26 U.S.C. §7432); *Kim v. United States,* 461 F.Supp.2d 34, 37 (D.D.C. 2006)(no exception to exhaustion of administrative remedies as prerequisite to filing suit in district court under 26 U.S.C. §7433). Even assuming that respondent could maintain a viable cause of action for damages under sections 7432 or 7433 of the Internal Revenue Code, respondent does not even allege that he has availed himself of available administrative remedies that are required to be exhausted under those limited statutory waivers of sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over any claim for damages by respondent that might be based upon sections 7432 or 7433 of the Internal Revenue Code.

28. Alternatively, the Court lacks subject matter jurisdiction over any claims for damages by respondent under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* With regard to actions under the FTCA, the Eleventh Circuit repeatedly has held:

> The FTCA provides a limited waiver of the United States sovereign immunity for tort claims. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). "It allows the government to be sued by certain parties under certain circumstances...." *Id.* However, "[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Id.* (citing 28 U.S.C. §2675(a)).

*Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Respondent does not allege that he has filed an administrative tort claim.[5]   Accordingly, the Court lacks subject matter jurisdiction over any claim for damages by respondent that might be based upon the Federal Tort Claims Act.

WHEREFORE, in accordance with the foregoing Findings of Fact and Conclusions of Law, the Court RECOMMENDS that:

1.   The Petition To Enforce Internal Revenue Services Summons be granted, with respondent Martin M. Chandler being ordered  to

---

[5]   In the declaration of Mary-Ellen Karcha, a claims manager with the IRS Office of Chief Counsel in Washington, D.C., which has been filed with the Court, declarant Karcha states that respondent has filed no administrative claims for monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.,* with the IRS. [Doc. 9 - Exh. 3].

provide all testimony and documents sought through the IRS Summons that was issued to respondent on September 21, 2006, at a time and location to be set by the IRS;

2.    All claims for injunctive an monetary relief sought by respondent be dismissed, without prejudice, for lack of subject matter jurisdiction;

3.    That Judgment be entered in favor of petitioner and against respondent; and

4.    That petitioner be awarded its costs and witness fees pursuant to the provisions of 28 U.S.C. §1871, 28 U.S.C. §1920, and Fed.R.Civ.P. 54(d)(1).

The Clerk is directed to terminated the district court's referral of Civil Action 1:07-CV-1065 to the undersigned magistrate judge.

REPORTED AND RECOMMENDED this ____ day of _____, 2007.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

Presented by:
*/s/ Daniel A. Caldwell*
DANIEL A. CALDWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 102510

## CERTIFICATE OF SERVICE

This is to certify that on this date the foregoing petitioner's Notice of Filing and proposed Report and Recommendation were served by mailing true copies thereof by first class mail, with adequate postage affixed thereto, addressed to:

    Martin M. Chandler
    c/o Dogwood Financial Services LLC
    Post Office Box 23
    Grayson GA 30017

    This   28th   day of August, 2007

                     */s/ Daniel A. Caldwell*
                     DANIEL A. CALDWELL
                     ASSISTANT U.S. ATTORNEY